COMMISSIONER OF BANKS, petitioner, *in re* HANOVER TRUST COMPANY.

Suffolk.    May 17, 1922. — July 1, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Trust Company*, In liquidation: Christmas Club.

Christmas Club deposits, determined in *Commissioner of Banks, in re Hanover Trust Co.* 241 Mass. 346, to be savings deposits, if improperly placed in the funds of the commercial department of the trust company and found there by the commissioner of banks upon his taking possession of the property and business of the trust company under G. L. c. 167, § 22, must be transferred to the savings department.

The above requirement does not depend upon the discretion of the officers of the corporation, is not affected by the fact that depositors in the commercial department of a trust company may have been innocent of illegal acts of its officers in wrongfully placing Christmas Club deposits in the funds of the commercial department, and is not dependent upon being worked out on any theory of tracing trust funds.

While the Christmas Club deposits are deposits of the savings department, they are not a special fund belonging to that department to be distributed to the Christmas Club depositors alone, giving to them a preference over other depositors in that department, but become a part of the general funds of that department from which all savings depositors, including the Christmas Club depositors, are to be paid.

PETITION, filed in the Supreme Judicial Court on April 18, 1921, by the commissioner of banks in possession of the property and business of the Hanover Trust Company, and afterwards amended, "for leave to transfer certain promissory notes appearing as assets of the savings department to the commercial department and in

exchange therefor to transfer $321,600 cash from the commercial department to the savings department and to establish the Christmas Club as a liability of the savings department and to transfer $188,201.60 cash standing to the credit of the Christmas Club in the commercial department to the savings department."

The petition came on to be heard by *De Courcy,* J., upon the amended pleadings and a master's report, and, no objection being made, the single justice on May 8, 1922, ordered that a decree be entered for the transfer of the notes referred to in the petition from the savings department to the commercial department and the transfer of cash from the commercial department to the savings department in exchange for said notes; and reserved for determination by the full court, on such portions of the pleadings and master's report as relate thereto, so much of the case as related to the transfer of the amount of the Christmas Club deposits from the commercial to the savings department, and the prior claim of the Christmas Club depositors to the amount so transferred.

The case was submitted on briefs.

*F. H. Smith, Jr.,* for the commissioner of banks, *A. G. Mitton & P. B. Buzzell,* for Jordan Marsh Company, and *C. S. Hill,* for Andrea and Katie Di Pietro, in support of the petition.

*J. A. Lowell,* for the trustees of Ponzi, general creditors.

CARROLL, J.  In this petition by the commissioner of banks for leave to transfer certain notes appearing as assets of the savings department of the Hanover Trust Company to the commercial department of that company, and to transfer in exchange therefor cash in the commercial department to the savings department, to establish the Christmas Club deposits as a liability of the savings department and a transfer of $188,201.60 cash standing to the credit of the Christmas Club in the commercial department to the savings department, it was ordered that a decree be entered for the transfer of the notes from the savings to the commercial department and a transfer of cash from the commercial department to the savings department in exchange for said notes.  So much of the case as relates to the transfer of the amount of the Christmas Club deposits from the commercial to the savings department and the question of the prior claim of the Christmas Club depositors to the amount so transferred was reserved for the determination of the full court.

The Christmas Club deposits in the Hanover Trust Company are savings deposits and must be treated as such in the liquidation of the trust company. *Commissioner of Banks, in re Hanover Trust Co.* 241 Mass. 346. These deposits when made should have been placed in the savings department; they belonged there; the officers of the bank had no right to hold them in the commercial department and the amount of these Christmas Club deposits in that department should be transferred to the savings department. *Commissioner of Banks, in re Hanover Trust Co., supra.* The requirement that the savings deposits must be placed in the savings department does not depend upon the discretion of the officers of the corporation; it is a positive, mandatory provision of law. St. 1908, c. 520, § 2. G. L. c. 172, § 61. *Commissioner of Banks, in re Prudential Trust Co.* 240 Mass. 478. The fact that depositors in the commercial department may be innocent of the illegal acts of the officers is not material; they are presumed to know the provisions of the statute relating to the preference of depositors in the savings department. The conflicting interests of depositors in the two departments are not to be worked out on the theory of tracing funds. As was said in *Commissioner of Banks, in re Prudential Trust Co.* 240 Mass. 478, 484: "That would render illusory to a large extent the safeguards apparently held out by the statute for the protection of the depositor in the savings department."

While the Christmas Club deposits are deposits of the savings department, they are not a special fund belonging to that department to be distributed to the Christmas Club depositors alone, giving to them a preference over other depositors in that department. All deposits in the savings department are special deposits, but the statutes of the Commonwealth make no distinction between these depositors: each of them is to be treated as an individual depositor in the liquidation of the assets of that department.

The entire amount of Christmas Club deposits should be transferred to the savings department and become a part of the general funds of that department from which all savings depositors, including the Christmas Club depositors, are to be paid.

*Decree accordingly.*